IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT NITZKE,

      Plaintiff,                      CIV S-06-0640 DFL KJM PS

     vs.

TRINITY COUNTY BOARD OF
SUPERVISORS, et al.,

      Defendants.                <u>ORDER</u>

        /

       Defendant Trinity County's motions to strike and to dismiss came on regularly for hearing December 6, 2006. Plaintiff appeared in propria persona. Andrew Gibson appeared for defendant Trinity County. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

       Defendant moves to strike allegations pertaining to allegations of misconduct that occurred prior to March 2004 inasmuch as any claims arising therefrom are barred by the statute of limitations. This argument is well taken and no tolling provision appears to be applicable. The motion to strike will therefore be granted.

/////

1

1    Defendant County contends it is not liable for the actions of the District
2 Attorney's office.  The district attorney's power to prosecute is founded on state authority and, as
3 such, the district attorney is an officer of the State for purposes of liability under 42 U.S.C.
4 § 1983.  <u>Weiner v. San Diego County</u>, 210 F.3d 1025 (9th Cir. 2000).  To the extent plaintiff is
5 trying to allege a state law claim for malicious prosecution, California Government Code § 821.6
6 provides immunity from this claim.
7    Plaintiff also alleges he was not properly Mirandized by various sheriff's deputies.
8 Failure to provide a proper Miranda warning cannot serve as a basis for liability under 42 U.S.C.
9 § 1983.  <u>Chavez v. Martinez</u>, 538 U.S. 760 (2003).
10    Plaintiff also alleges claims for failure to investigate.  Under either section 1983
11 or state law, such a claim cannot lie.  There is no constitutional right to error-free investigations.
12 As to any state law claim regarding inadequate police investigation, California Government Code
13 § 820.2 immunizes this kind of discretionary conduct.
14    Defendant also moves to dismiss any claims arising out of allegations of failure to
15 provide adequate medical care.  As presently alleged, plaintiff cannot assert a state law claim
16 because of the immunity provided by California Government Code §§ 844.6 and 845.6.  As
17 conceded by defense counsel at oral argument, however, these state code sections cannot provide
18 immunity from an action under 42 U.S.C. § 1983.  The court will therefore grant plaintiff leave
19 to file an amended complaint to more specifically allege any section 1983 claim arising out of
20 failure to provide appropriate medical care.
21    In the amended complaint, plaintiff must set forth the jurisdictional grounds upon
22 which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a).  Further, plaintiff
23 must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's
24 federal rights.  See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Plaintiff must also specifically
25 set forth in the caption the names of the defendants.  Each claim should be set forth in a separate
26 paragraph and the names of the defendants against whom that claim is made should also be stated

within the paragraph. Plaintiff is advised that the court's law library is available for use by pro se plaintiffs.

If plaintiff intends to pursue a claim for civil rights violations in an amended complaint, he also is advised of the following. The Civil Rights Act provides, in pertinent part:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Based on plaintiff's representation that he has suffered four state convictions that have been upheld on appeal, it appears that some of plaintiff's claims may be barred under Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, if the success of a section 1983 claim would imply the invalidity of a conviction or sentence, a plaintiff must show that the conviction or

sentence already has been invalidated. Id. at 486-87. In the amended complaint, therefore, plaintiff cannot assert claims related to criminal prosecutions that resulted in a conviction and that have not been invalidated.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, as provided by Federal Rule of Civil Procedure 4(m), the court may dismiss an action where service of summons is not made within 120 days after the filing of the complaint. It does not appear that all of the defendants have properly been served in this action. This case was filed March 27, 2006. Under Federal Rule of Civil Procedure 4(m), the court may dismiss an action where service of summons is not made within 120 days after the filing of the complaint. The court will not recommend dismissal at this time. However, plaintiff is cautioned that prior to the next status conference, all defendants named in any amended complaint must be properly served with the amended complaint and proof of service of summons filed with the court. Failure to effect proper service may result in a recommendation of dismissal.

Accordingly, IT IS HEREBY ORDERED that:

1. A status conference is set for February 28, 2007 at 10:00 a.m. in courtroom no. 26. Requests to appear telephonically shall be made to courtroom deputy Connie Farnsworth no later than February 14, 2007.

2. Within thirty days from the date of this order, plaintiff shall file with the court abstracts of judgment pertaining to his criminal convictions in Trinity County.

3. The motion to strike is granted.

4. The motion to dismiss is granted with leave to amend.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of Court is directed to send plaintiff a copy of the form used in this district for filing a nonprisoner civil rights complaint under 42 U.S.C. § 1983.

DATED:  December 6, 2006.

_____
U.S. MAGISTRATE JUDGE

006
nitzke.oah