1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT NITZKE,

11            Plaintiff,                    CIV S-06-0640 DFL KJM PS

12        vs.

13   TRINITY COUNTY BOARD OF          ORDER
     SUPERVISORS, et al.,
14
              Defendants.
15   _____/

16            Defendant Trinity County's motion to dismiss came on regularly for hearing

17   December 6, 2006.  Plaintiff telephonically appeared in propria persona.  Martha Stringer

18   appeared for defendant Trinity County.  Upon review of the documents in support and

19   opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE

20   COURT FINDS AS FOLLOWS:

21            After hearing on the motion to dismiss previously brought by defendant Trinity

22   County, the court granted plaintiff leave to amend the complaint to state a claim under 42 U.S.C.

23   § 1983 for deliberate indifference to medical needs.  In its prior order, the court also explained in

24   detail why the other numerous claims against defendant Trinity County could not proceed

25   forward.  In flagrant disregard of the court's order, plaintiff filed an amended complaint,

26   essentially recapitulating all the claims previously made, which this court had found insufficient

1

to state a claim.[1]  With respect to any claim for deliberate indifference to medical needs under 42

U.S.C. § 1983, the amended complaint still fails to state a claim.  In particular, the complaint is

utterly devoid of any contention that constitutional deprivation resulted from actions taken

pursuant to the defendant County's policy or custom.  See Monell v. Dep't of Social Services,

436 U.S. 658 (1978).  The motion to dismiss will therefore be granted.  The court will, however,

grant plaintiff one final opportunity to cure the deficiencies in the complaint.  Leave to amend

will be granted.[2]  Plaintiff is cautioned, however, that any amended complaint must be limited to

a claim under 42 U.S.C. § 1983 for deliberate indifference to medical needs.  Plaintiff is further

cautioned that any such claim and any allegation of policy or custom is subject to the good faith

pleading requirements of Federal Rule of Civil Procedure 11.

Plaintiff has filed numerous pleadings since commencement of this action.  Many

of the pleadings are not pertinent to issues before the court, are duplicative, or not properly

noticed for hearing.  The multiplicity of plaintiff's filings are a burden on both the court and

defendants and impede the proper prosecution of this action.  Plaintiff's future filings shall

therefore be limited.

As the court observed at the April 4, 2007 hearing on defendants' motion to

dismiss, it does not appear that all of the defendants have properly been served in this action.

This case was filed March 27, 2006.  Under Federal Rule of Civil Procedure 4(m), the court may

dismiss an action where service of summons is not made within 120 days after the filing of the

complaint.  In the December 7, 2006 order, plaintiff was cautioned that prior to the next status

---

[1]  On January 8, 2007, plaintiff filed a motion regarding tolling, which the court will construe as a motion for reconsideration of the December 7, 2006 order granting defendant's motion to dismiss with leave to amend.  Plaintiff's claims of tolling are unavailing.  California Code of Civil Procedure § 352.1 tolls the statute of limitations only if the action accrued during the incarceration.  Once plaintiff is released from incarceration, the statute of limitations continues to run even if plaintiff is reincarcerated.  Plaintiff's January 8, 2007 motion will therefore be denied.

[2]  In light of this order, plaintiff's March 30, 2007 motion to amend will be denied as moot.

1 conference, all defendants named in any amended complaint must be properly served with the

2 amended complaint and proof of service of summons filed with the court.  Plaintiff was also

3 cautioned that failure to effect proper service may result in a recommendation of dismissal.  At

4 the April 4 hearing, plaintiff failed to present any evidence of proper service on defendants and

5 no proofs of service have been filed.  Although plaintiff represented he was unsure as to who

6 represented the unserved defendants, that does not negate plaintiff's obligation to properly serve

7 defendants in compliance with Federal Rule of Civil Procedure 4.  The court will therefore

8 recommend dismissal of the remaining defendants.

9          Accordingly, IT IS HEREBY ORDERED that:

10          1. The motion to dismiss is granted with leave to amend.  Plaintiff is granted

11 thirty days from the date of service of this order to file a second amended complaint that

12 complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of

13 Practice; the second amended complaint shall be limited to a claim against defendant Trinity

14 County under 42 U.S.C. § 1983 for deliberate indifference to medical needs and is subject to the

15 good faith pleading requirements under Federal Rule of Civil Procedure 11; the second amended

16 complaint must bear the docket number assigned this case and must be labeled "Second

17 Amended Complaint"; plaintiff must file an original and two copies of the second amended

18 complaint; failure to file a second amended complaint in accordance with this order will result in

19 a recommendation that this action be dismissed.

20          2. Any motion to dismiss the second amended complaint will be conducted on

21 the papers only.  Opposition, if any, to a motion to dismiss shall be filed within thirty days after

22 filing of the motion to dismiss.  Reply shall be filed fourteen days thereafter.  The matter will

23 then stand submitted.  The court will set hearing as necessary.

24          3. Plaintiff's January 8, 2007 motion, construed as a motion to reconsider, is

25 denied.

26          4. Plaintiff's March 30, 2007 motion to amend is denied as moot.

1    5. Plaintiff may only file the following documents:

2    a. One opposition to any motion filed by defendants (and clearly titled as

3    such);

4    b. Only one motion brought by plaintiff pending at any time.  Such

5    motion must be properly noticed by plaintiff for hearing.  Plaintiff is limited to one memorandum

6    of points and authorities in support of the motion and one reply to any opposition; and

7    c. One set of objections to any findings and recommendations.

8    Failure to comply with this order shall result in improperly documents being

9    stricken from the record and may result in a recommendation that this action be dismissed.

10   DATED:  April 10, 2007.

11   _____

12   U.S. MAGISTRATE JUDGE

13

14

15

16   006
     nitzke2.oah

17

18

19

20

21

22

23

24

25

26