IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT NITZKE,

    Plaintiff,                    CIV S-06-0640 RRB KJM PS

    vs.

TRINITY COUNTY BOARD OF        FINDINGS & RECOMMENDATIONS
SUPERVISORS, et al.,

    Defendants.
_____/

        By order filed April 10, 2007, plaintiff was granted leave to file a second amended complaint, limited to a claim against defendant Trinity County under 42 U.S.C. § 1983 for deliberate indifference to medical needs. In contravention of the court's order, the second amended complaint again names numerous defendants and contains allegations unrelated to the one claim allowed by the court's April 10, 2007 order. By that same order, the court directed any further motion to dismiss would be conducted on the papers only and directed opposition be filed within thirty days of the filing of a motion to dismiss. On May 10, 2007, defendant Trinity County moved to dismiss. No opposition to the motion has been filed.

        The Federal Rules of Civil Procedure provide for dismissal of actions based on lack of prosecution. Fed. R. Civ. P. 41(b). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567

1

1  (9th Cir. 1987).  In determining whether to dismiss for lack of prosecution, generally the court
2  considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to
3  manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring
4  disposition of cases on their merits, and (5) the availability of less drastic sanctions.  See, e.g.,
5  Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996).  The court may dismiss a case sua
6  sponte for lack of prosecution by the plaintiff.  Hamilton Copper & Steel Corp. v. Primary Steel,
7  Inc., 898 F.2d 1428 (9th Cir. 1990).  Sua sponte dismissal requires a "close focus" on
8  consideration of "less drastic alternatives" and whether or not there has been a "warning of
9  imminent dismissal of the case."  Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

10       In determining that this action should be dismissed, the court has considered all
11  the factors set forth in Al-Torki.  The first two factors on their face favor the imposition of
12  sanctions in this case, which has been pending since March 27, 2006, given plaintiff's refusal to
13  comply with the court's orders.  Compare Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.
14  1990).  Regarding the third factor, defendant already has briefed its third motion to dismiss and
15  would be prejudiced by the need for further litigation of this matter despite plaintiff's non-
16  responsiveness.  Moreover, delay itself generally is prejudicial--witness's memories fade and
17  evidence becomes stale or undiscoverable.  While the fourth factor favors resolution on the
18  merits, in this case plaintiff has declined to oppose the motion to dismiss and has thus precluded
19  the court's evaluation of the potential merits of such an opposition.  Moreover, after review of
20  defendant's motion, it appears to be well taken.  Under these circumstances, the fourth factor is
21  outweighed by the others.

22       Focusing on the fifth Al-Torki factor and warning regarding imminent dismissal,
23  as required by Oliva, the court in its November 8, 2006 and April 10, 2007 orders has advised
24  plaintiff that this action is subject to dismissal if plaintiff fails to comply with the court's orders,
25  advised plaintiff of the need to file opposition and directed plaintiff to file opposition thirty days
26  after the filing of a motion to dismiss, all to no avail.  From plaintiff's failure to respond to the

1 most recent motion to dismiss and the declaration filed by defense counsel on June 20, 2007
2 indicating no opposition had been filed or received by defendant, it appears that plaintiff has
3 abandoned this litigation.  The court therefore concludes there is no suitable alternative less
4 drastic sanction to dismissal.

5       This case was filed March 27, 2006.  Under Federal Rule of Civil Procedure 4(m),
6 the court may dismiss an action where service of summons is not made within 120 days after the
7 filing of the complaint.  In an order filed December 7, 2006, plaintiff was cautioned that all
8 defendants named in any amended complaint must be properly served with the amended
9 complaint and proof of service of summons filed with the court.  In the order filed April 10,
10 2007, plaintiff was again cautioned that all defendants must be properly served and that in the
11 absence of proper service, the court would recommend dismissal of the unserved defendants.
12 There is no indication that any defendant other than defendant Trinity County has ever been
13 served in this action.

14       Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

15       These findings and recommendations are submitted to the United States District
16 Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
17 after being served with these findings and recommendations, any party may file written
18 objections with the court and serve a copy on all parties.  Such a document should be captioned
19 "Objections to Findings and Recommendations."  Any reply to the objections shall be served and
20 filed within ten days after service of the objections.  The parties are advised that failure to file
21 objections within the specified time may waive the right to appeal the District Court's order.
22 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
23 DATED: October 9, 2007.

_____
U.S. MAGISTRATE JUDGE

006
nitzke-trinity.57

3